IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREGORY M. CARO,

    Plaintiff,

v.                                     Civil Action No. 5:14CV38
                                                         (STAMP)
BANK OF AMERICA, N.A. and
GOLDEN & AMOS, PLLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO REMAND
## AND DISMISSING PLAINTIFF'S PETITION
## FOR CONTEMPT WITHOUT PREJUDICE

### I. Background

Plaintiff, Gregory Caro, commenced this civil action by filing a complaint in the Circuit Court of Ohio County, West Virginia. In this complaint, the plaintiff alleges that the defendants, Bank of America, N.A. ("BANA") and Golden & Amos PLLC ("Golden"), wrongfully foreclosed on his property. The complaint raises both federal and state based claims.

On July 22, 2003, the plaintiff purchased land next to his home in Wheeling, Ohio County, West Virginia. To purchase the property, the plaintiff secured a loan from BANA for $250,000.00. When the deed of trust securing this loan was filed, the firm of Sacco and Pizzuti, PLLC was appointed as the trustee. Some time later, Sacco and Pizzuti, PLLC was replaced by defendant Golden. In Spring 2012, the plaintiff allegedly became delinquent on his loan leading BANA to foreclose on the property.

Thereafter, BANA, through Golden, sold the property at public auction to the Federal National Mortgage Association. Soon after the sale, BANA asked the plaintiff to vacate his home. Upon receiving the request, plaintiff, through his attorney, telephoned BANA and advised that the defendant had wrongfully foreclosed on the plaintiff's home. The plaintiff alleges BANA then instructed him not to make timely payments on his mortgage loan so that he would qualify for refinancing and that BANA failed to apply payments the plaintiff did make.

On May 2, 2012, BANA conveyed the property by quit claim deed back to the plaintiff. After reconveying the property, BANA continued to contact the plaintiff about the possibility of future foreclosure. The plaintiff contacted BANA and requested that all future communications be directed to his attorney. Despite the request, the plaintiff allegedly still received written correspondence, email, and telephone calls from BANA.

On February 12, 2014, the plaintiff filed an ex-parte motion for a temporary restraining order ("TEMPORARY RESTRAINING ORDER") against BANA. The Circuit Court of Ohio County, West Virginia, entered the order, enjoining BANA from any subsequent foreclosure activity. In the TEMPORARY RESTRAINING ORDER, the court ordered an evidentiary hearing to take place on March 6, 2014. On the day of the evidentiary hearing, the plaintiff filed a petition for

contempt against BANA for allegedly violating the TEMPORARY RESTRAINING ORDER.

On March 20, 2014, BANA removed the action to this Court. BANA did not aver that defendant Golden consented to removal, but did assert that "Golden does not object . . . ." ECF No. 1 ¶ 14. Thereafter, the plaintiff filed a motion for remand. In the motion, the plaintiff argues that this action was improperly removed because BANA: (1) relied in error on 28 U.S.C. § 1441(c)(2) as allowing an exception to the unanimity of consent rule; (2) waived its right to remove by accepting service of the complaint and by consenting to the injunctive relief requested by the plaintiff in his complaint; and (3) filed its notice of removal 42 days after service on its trustee. The motion is now fully briefed. For the reasons stated below, this Court grants the plaintiff's motion to remand.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331 and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).

The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

Once an action is removed, a plaintiff may challenge removal by moving to remand the case to state court. Remand to state court is not only appropriate for lack of subject matter jurisdiction, but also if there is a defect in the removal process.

### III. Discussion

BANA removed this action to federal court based on 28 U.S.C. § 1331 federal question jurisdiction. Federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, the plaintiff alleges violations of two federal statutes: (1) the Real Estate Settlement Procedures Act and (2) the Fair Debt Collection Practices Act. 12 U.S.C. §§ 2605(e) & (k) and 15 U.S.C. § 1692(g) (respectively). Although this Court believes removal of this action was substantively merited, the plaintiff may still challenge removal for a procedural defect.

Here, the plaintiff has timely filed a motion to remand this action arguing that BANA violated the unanimity of consent rule, which requires "all defendants who have been properly joined and

served [to] join in or consent to the removal of the action."[1] 28 U.S.C. § 1446(b)(2)(A). The plaintiff argues that BANA violated the unanimity of consent rule by failing to have Golden, BANA's co-defendant, join in or file a written consent to the removal.

Having acknowledged this defect in their notice of removal, BANA argues Golden's consent was not required because this case falls under an exception to the unanimity of consent rule created by § 1441(c). To determine if BANA qualifies for the exception created by § 1441(c), the language of the statute must be examined. Section 1441(c) states that:

> (1) If a civil action includes-
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title,) and
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
> (2) Upon removal of an action described in paragraph(1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the state court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

---

[1] A plaintiff has 30 days to file a motion to remand after a defendant files a notice of removal. 28 U.S.C. § 1447(c). Defendant's notice of removal was filed on March 20, 2014 (ECF No. 1) and the motion to remand was filed on April 18, 2014 (ECF No. 8). Thus, it appears that the plaintiff timely filed the notice of removal and no party has contested this assertion.

BANA suggests that the second sentence of § 1441(c)(2) should be read alone, without regard to § 1441(c)(1). In support of its argument, BANA cites Moore v. City of Philadelphia, No. 12-3823, 2012 U.S. Dist. LEXIS 122786 (E.D. Pa. Aug. 29, 2012), an unpublished opinion from the United States District Court for the Eastern District of Pennsylvania. In Moore, the court found that § 1441(c) excused the unanimous consent requirement in cases where the plaintiff asserted federal claims against one defendant and only state law claims over which the federal court had supplemental jurisdiction against the other defendants. Id. at *4.

This reading of § 1441(c) is incorrect because it ignores the last words of 28 U.S.C. § 1441(c)(2) which provides for an exception to the unanimity of consent rule for all cases "removed under paragraph (1)." Thus, the exception to the unanimity rule that is created in § 1441(c)(2) only applies to cases that include a claim involving a federal question and a claim in which the court does not have original or supplemental jurisdiction.

This Court agrees with the plaintiff's reading of the statute and joins a majority of courts which have found that the Jurisdiction and Venue Clarification Act foreclosed the possibility of removal under § 1441(c) when state law claims would otherwise come within the court's supplemental jurisdiction. Ettlin v. Harris, No. SACV 13-1515-DOC (JPRx), 2013 U.S. Dist. LEXIS 170526, at *6 (C.D. Cal. Nov. 22, 2013); see e.g., Moore v. Svehlak, No.

6

ELH-12-2727, 2013 U.S. Dist. LEXIS 97329, at *33-34 (D. Md. July 11, 2013) (holding that § 1441(c) does not apply because all claims are subject to the court's original or supplemental jurisdiction); Brooks v. Foglio, No. 13-2504 (JEI/JS), 2013 U.S. Dist. LEXIS 93242, at *14-15 (D. N.J. July 2, 2013) (holding that when the court has supplemental jurisdiction over an action "the exception to the unanimity rule provided in § 1441(c) does not apply"); Huston v. Affinity Med. Solutions, Inc., No.C12-5202 THE, 2012 U.S. Dist. LEXIS 173998, at *5 (N.D. Cal. Dec. 6, 2012) ("This Court therefore has supplemental jurisdiction over all of the claims, and [section 1441(c)] has no application to this case."); Hayley v. Regions Bank, No. 3:12-CV-437-WKW[WO], 2012 U.S. Dist. LEXIS 171501, at *5 (M.D. Ala. Dec. 4, 2012) ("Plaintiffs' state law claims fall squarely within this court's supplemental jurisdiction, making severance and remand [under Section 1441(c)] unavailable."); Shipley Garcia Enters., LLC v. Cureton, No. M-12-89, 2012 U.S. Dist. LEXIS 110153, at *43 (S.D. Tex. Aug. 7, 2012) ("[1441(c)] facially does not apply to an action over which the Court has original and supplemental jurisdiction.").

As discussed above, this action satisfies the first requirement of § 1441(c)(1) because it includes claims involving federal questions. Therefore, to determine if BANA qualifies for the § 1441(c)(2) exception to the rule of unanimity, this Court must determine if it has supplemental jurisdiction over all of the

plaintiff's state law claims. A district court has "supplemental jurisdiction over all claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy . . ." 28 U.S.C. § 1367(a). Whether the federal-law claims and state-law claims are part of the same case or controversy is determined by whether they "derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349 (1988) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)) (alteration in original). Here, the plaintiff brings several state law claims that arise out of the same accusations of wrongful disclosure as the plaintiff's federal law claims.[2] BANA admits that this Court would have supplemental jurisdiction over any statutory, state common law, or other non-federal claims brought by the plaintiff because those claims arise out of the same operative facts as the plaintiff's purported federal violations. ECF No. 1 ¶ 22. Because this Court has original jurisdiction over the plaintiff's federal law claims and supplemental jurisdiction over all of the plaintiff's state law claims, BANA cannot rely on the § 1441(c) exception to the rule of

---

[2]For example, Count IV alleges a state consumer credit protection law violation under West Virginia Code § 31-17-8. See ECF No. 1-2, 9-17, Counts IV through XIII.

8

unanimity. Because Golden, BANA's co-defendant, did not consent to removal, removal is not proper.

IV. <u>Conclusion</u>

For the reasons stated above, the plaintiff's motion to remand (ECF No. 8) is GRANTED. This matter is hereby REMANDED to the Circuit Court of Ohio County, West Virginia. The plaintiff's petition for contempt (ECF No. 4) and motion for leave to file a reply (ECF No. 10) are DISMISSED WITHOUT PREJUDICE to be re-filed in state court if appropriate.

IT IS SO ORDERED

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.

DATED: June 23, 2014

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE